WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Edward Anson Valdez and Antoniet Meza-Ojeda,<br><br>    Defendant, | CR 06-1628 TUC DCB (JM)<br><br>**AMENDED**<br>**O R D E R** |

After a full and independent review of the record, including the Defendants' objections, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court. The Defendants' motions to suppress (documents 23 and 26) are denied.

On February 9, 2007, the Honorable Jacqueline Marshall, United States Magistrate Judge, signed an Report and Recommendation in this action. She recommends that the Court deny the Defendants' motions to suppress. Specifically, Judge Marshall recommends that the motion be denied because she found sufficient articulable facts to establish reasonable suspicion for a lawful stop, and that the investigatory detention and protective sweep of Valdez' car was reasonable. She found that Defendants were not under arrest prior to discovery of the marijuana, and thereafter, there was probable cause for their arrest.

Pursuant to 28 U.S.C. § 636(b), the parties had ten days to file written objections to the Report and Recommendation. Defendant filed objections. The Government has responded. Any objections that have not been raised are waived and will not be addressed by the Court.

*See* 28 U.S.C. § 636(b) (objections are waived if they are not filed within ten days of service of the Report and Recommendation).

Defense counsel objects to the Magistrate Judge's Report and Recommendation. They argue that the investigatory stop and detention were unreasonable, and thereby illegal. Defendants describe their stop and arrest as a round-up of suspects in a search first, justify it later method of investigation.

The Court looks at the totality of the circumstances and views the facts from the point of view of an experienced law enforcement officer to determine whether there was a particularized and objective basis for the seizures. (Report and Recommendation at 9) (citations omitted). The Magistrate Judge properly considered the collective knowledge of the officers to determine reasonable suspicion and probable cause. *Id.* at 9-10.

Magistrate Judge Marshall noted:

> Here, the agents had ample reason to stop Meza-Ojeda and Valdez. They had watched Meza-Ojeda, a young man who was not dressed as a construction worker, walk out of the Home Depot with approximately 8,000 feet of contractor stretch wrap and get in a $40,000 Denali sport utility vehicle. Similar facts, according to Agent Balliet, had previously led agents to stash houses and seizures of marijuana, currency, weapons and vehicles. When the agents ran a registration check on the Denali, they found that it was suspected of being used in money and drug crimes and was associated with Valdez, who was the subject of an ongoing investigation. Meza-Ojeda then drove in an evasive manner consistent with what agents characterize as a "heat run" designed to determine if anyone is following, before finally going to the Vine Street residence. Once at the residence, Agent Balliet, who had by then joined in the operation, saw a truck belonging to Valdez. Three men eventually came out of the house, one of them matching the description of Meza-Ojeda, and got into the Denali and a Yukon, which was also parked at the residence. The two vehicles left the residence traveling in tandem, which Agent Sandoval described as suspicious behavior, and then went in different directions taking what appeared to be evasive measures.

(Report and Recommendation at 10.)

Both cars traveled in tandem, thereafter, and participated in evasive driving, including reckless driving and speeding. When officers attempted to stop them, Defendants did not immediately submit to the show of authority. The vehicles checked out to be registered and/or owned by other individuals under investigation by the agents. If agents did draw their guns, they drew them for officer protection purposes to secure the scene. The Yukon was moved off the public street for officer safety and for public safety. Agents conducted a protective sweep

of the vehicles, whereby a large sum of money was found in the Yukon and discovered that the plastic wrap was not in the vehicles. Other agents discovered it in an outside area at the Vine Street property, where they also detected the smell of marijuana. Agents knew all these facts at the time they arrested Defendants. (Report and Recommendation at 4-5.)

The Court agrees with the Magistrate Judge that the facts known by the agents amounted to a reasonable suspicion to justify an investigatory stop of the Defendants, that the Defendants were detained during the stop and not arrested, the searches of the vehicles were proper because Defendant Meza-Ojeda consented to the search of the Denali and officers conducted a protective sweep of the Yukon. The 10 to 20 minute continued detention of the Defendants did not convert the stop into an illegal arrest. During this time, agents found a large sum of money in the Yukon, the plastic wrap at the Vine Street residence, and detected the smell of marijuana at the Vine Street residence. Then, there was probable cause for the arrest, and Defendants were arrested.

After *de novo* review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her Report and Recommendation for determining the motions to suppress.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, including the Defendant's objections, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motions to Suppress (document 23 and 26) are DENIED.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Jacqueline Marshall for all pretrial proceedings and Report and Recommendation in accordance

/////
/////
/////

1  with the provisions of 28 U.S.C. § 636(b)(1) and LR Civ. 72.1(a), Rules of Practice for the
2  United States District Court, District of Arizona (Local Rules).
3        DATED this 2nd day of April, 2007.

David C. Bury
United States District Judge